IMANAKA ASATO, LLLC

| | |
|---|---|
| STEVEN K.S. CHUNG | 1751 |
| MICHAEL L. IOSUA | 9851 |
| TIMOTHY E. HO | 4526 |

745 Fort Street Mall, 17th Floor
Honolulu, Hawaii 96813
Telephone No.: (808) 521-9500
Facsimile No.: (808) 541-9050

Attorneys for Plaintiff
GILBERTO M. SANCHEZ

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAI`I

| | |
|---|---|
| GILBERTO M. SANCHEZ,<br><br>Plaintiff,<br><br>vs.<br><br>ASSOCIATION OF APARTMENT OWNERS OF THE VILLAS AT KAHANA RIDGE, by and through Its Board of Directors, KAPONO F.H. KIAKONA, and PORTER MCGUIRE KIAKONA & CHOW, LLP,<br><br>Defendants. | CIVIL NO.<br>(Wrongful Foreclosure)<br><br>**COMPLAINT; DEMAND FOR JURY TRIAL** |

# COMPLAINT

Comes Now Plaintiff GILBERTO M. SANCHEZ, by and through his undersigned counsel, and for a Complaint against Defendants ASSOCIATION OF APARTMENT OWNERS OF THE VILLAS AT KAHANA RIDGE, by and through Its Board of Directors, KAPONO F.H. KIAKONA and PORTER MCGUIRE KIAKONA & CHOW, LLP, alleges and avers as follows:

1. This is an action against the defendant homeowner association and its attorneys for wrongful foreclosure and violation of the Fair Debt Collections Practices Act. Defendant homeowner association and its attorneys sold plaintiff's condominium apartment at a public sale, utilizing the process set forth in Sections §§ 667-5 through 667-10 of the *Hawai'i Revised Statutes* ("HRS") as amended, despite the fact that the homeowner association did not possess a mortgage containing a power of sale and was not authorized to use Part I.

## JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over plaintiff's claims pursuant to 28 U.S.C. §1331 as the claim against attorneys arises under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq.

3. This Court has personal jurisdiction over defendants because they are citizens of Hawaii and regularly conduct business in this District, and because the nonjudicial foreclosure took place and involved real property located in this

District. The Court also has supplemental jurisdiction over the state law claims raised in this action pursuant to 28 U.S.C. §1367(a).

4. The venue is proper in this District pursuant to: (1) 28 U.S.C. §1391(b)(1) in that defendants are located in this State; (2) 28 U.S.C. §1391(b)(2) in that a substantial part of the events or omissions giving rise to plaintiff's claims occurred in this District; and (3) 28 U.S.C. §1391(b)(3) in that defendants are subject to personal jurisdiction in this District.

## PARTIES

5. Plaintiff GILBERTO M. SANCHEZ ("SANCHEZ") is a citizen of the State of Hawaii. At the times relevant herein, SANCHEZ owned Apartment No. 834 ("Apartment") of The Villas at Kahana Ridge condominium project, located at 45 Stephen Lane, Lahaina, Hawai'i, which he purchased on or around July 2005.

6. Defendant ASSOCIATION OF APARTMENT OWNERS OF THE VILLAS AT KAHANA RIDGE, by and through Its Board of Directors ("KAHANA RIDGE"), is a homeowner association organized, existing, and functioning under the laws of the State of Hawai'i, including HRS §§514A and/or 514B, as amended, that managed the KAHANA RIDGE condominium project.

7. Defendants KAPONO F.H. KIAKONA and PORTER MCGUIRE KIAKONA & CHOW, LLP (collectively, "ATTORNEYS") are licensed attorneys

doing business in Hawaii who acted as the attorneys, agents and/or instrumentalities of KAHANA RIDGE in all of the matter complained of herein.

## FACTUAL ALLEGATIONS

8.  A power of sale is a contractual provision that allows a creditor to sell a debtor's home without going to court in the event the debtor defaults on an obligation secured by the home. A power of sale also referred to as a nonjudicial foreclosure, can be abused with draconian consequences for the homeowner. As a result, Hawai'i law requires creditors utilizing powers of sale to strictly comply with all requirements of the power of sale, and the statutes authorizing their use.

9.  At all times relevant herein, Hawai'i law provided two processes for conducting power of sale or nonjudicial foreclosures. One was the process set forth in HRS §§ 667-5 through 667-10, referred to as Part I, which provided little or no protection for consumers and carried with it the greatest opportunity for abuse. As a result, Part I could only be used if a mortgage contained a power of sale, and then only by a mortgagee, the mortgagee's successor in interest, or a person authorized by the power of sale to act in the premises. The other was Part II, the Alternate Power of Sale Foreclosure Process codified at HRS §§667-21 through 667-42. Part II contained significantly greater protections for consumers than Part I.

10. Before its repeal in 2012, Part I was an expedited power-of-sale process that could only be used by a creditor holding a mortgage containing a

power of sale. To use Part I, the creditor had to give the notices and perform the acts required by the power of sale in the mortgage, publish a notice regarding the public sale once a week for three successive weeks, and to hold the public sale no less than 14 days after the last publication. A nonjudicial foreclosure under Part I did not extinguish the debt if the mortgagee did not receive payment of all amounts owed.

11. In contrast, Part II provided homeowners reasonable time and opportunity to save their homes from foreclosure and protected them from improper and oppressive collection practices. For example, Part II required one intending to proceed with a nonjudicial foreclosure to serve the homeowner with a written notice of default in the same manner as service of process and to provide at least 60 days to cure the default. If the default was not cured, a public sale could occur only after the later of 60 days after distribution of notice of the sale or not less than 14 days after the date of the third public notice of the notice of sale. Moreover, under Part II, the conveyance document had to be signed by the homeowner, and the nonjudicial foreclosure operated as full satisfaction of the debt, even if the foreclosing mortgagee received nothing from the sale proceeds.

12. Sometime prior to March 16, 2012, KAHANA RIDGE engaged ATTORNEYS in a principal-agent relationship to collect common assessments for the Apartment that were delinquent, and ATTORNEYS filed a notice of lien for

unpaid assessments against the Apartment.

      13.    At no time herein did KAHANA RIDGE hold a mortgage containing a power of sale.  Nevertheless, ATTORNEYS, acting as agents for and/or on behalf of KAHANA RIDGE, sent communications to SANCHEZ and published notices in a newspaper representing that KAHANA RIDGE was authorized to and would sell the Apartment at a public sale pursuant to Part I on March 16, 2012.

      14.    On March 16, 2012, ATTORNEYS then conducted a public sale under Part I and sold the Apartment to KAHANA RIDGE for One Dollar and/or nominal consideration.  Thereafter, on or about March 28, 2012, ATTORNEYS filed an affidavit under oath at the Bureau of Conveyances for the State of Hawaii certifying compliance with all requirements of Part I.  On or about April 3, 2012, KAHANA RIDGE and/or ATTORNEYS recorded an Association's Quitclaim Deed in the Bureau of Conveyances conveying the Apartment to KAHANA RIDGE.  The Association's Quitclaim Deed stated in pertinent part that KAHANA RIDGE had the right to foreclose its lien and sell the Apartment pursuant to HRS § 514B-146 and Part I.

      15.    At no time did KAHANA RIDGE or ATTORNEYS have the right to use Part I.

      16.    KAHANA RIDGE and ATTORNEYS used Part I in order to avoid judicial scrutiny which a foreclosure by action would have entailed and/or

compliance with the consumer protection provisions contained in Part II.

17. KAHANA RIDGE and ATTORNEYS concealed the wrong being committed by misrepresenting that KAHANA RIDGE was authorized to conduct nonjudicial foreclosures or public sales under Part I in communications sent to SANCHEZ, notices published in a newspaper, the affidavit filed in the Bureau of Conveyances, and the Association's Quitclaim Deed that was recorded in the Bureau of Conveyances.

18. The aforesaid communications, notices, affidavit, and deed were false as KAHANA RIDGE did not hold a mortgage containing a power of sale as Part I required.

19. As a member of KAHANA RIDGE, SANCHEZ was entitled to rely and did rely on the representations made by KAHANA RIDGE and/or ATTORNEYS concerning the right to use Part I.

20. SANCHEZ could not reasonably have discovered and did not discover that KAHANA RIDGE did not have the power of sale required by Part I or the right to use Part I until sometime in 2016.

21. KAHANA RIDGE and ATTORNEYS fraudulently concealed the wrong being committed and the claims that arose in favor of SANCHEZ by misrepresenting their authority to use Part I.

22. The statutes of limitations applicable to SANCHEZ's claims were

tolled by the discovery rule or HRS § 667-20, and to the extent, they were not tolled in that manner SANCHEZ requests that equitable tolling be applied.

## COUNT I
### (Conversion and/or Wrongful Foreclosure)

23. For his first claim for relief, SANCHEZ incorporates by reference all of the preceding allegations of this Complaint

24. The use of Part I to sell the Apartment was unlawful, wrongful and/or invalid, and constitutes the theft and/or conversion of the Apartment and all of its economic benefits.

25. SANCHEZ was shocked and traumatized by the unlawful sale of the Apartment.

26. KAHANA RIDGE was wrongfully and unjustly enriched as a result of the above.

27. SANCHEZ seeks and requests recovery against KAHANA RIDGE for the injury he sustained, including rescission, restitution, the disgorgement of unlawful gains, actual, special, general, compensatory and punitive damages, together with costs of court and attorney's fees, and for such further and general relief to which he may be entitled.

//

//

## COUNT II
## (Violation of the Fair Debt Collection Practices Act)
## by ATTORNEYS

28. SANCHEZ hereby incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint.

29. SANCHEZ seeks and requests recovery under the Fair Debt Collection Practices Act, 15 U.S.C. §§1692, *et seq.* ("FDCPA") against ATTORNEYS.

30. On information and belief, SANCHEZ alleges that at all times relevant herein, ATTORNEYS were debt collectors, acting as the agent and/or instrumentality of KAHANA RIDGE, who routinely demanded sums of money and attempted to collect said sums of money by sending letters, publishing notices, filing affidavits and recording quitclaim deeds falsely stating that they or their clients were authorized to use Part I to collect delinquent homeowner assessments.

31. ATTORNEYS violated Section 1692f of the FDCPA, which prohibits the use of unfair or unconscionable means to collect or attempt to collect any debt by attempting to collect monies from SANCHEZ by using Part I instead of Part II and/or taking judicial action.

32. As a result of ATTORNEYS' violations of the FDCPA, SANCHEZ is entitled pursuant to 15 U.S.C. §1692k to actual damages, statutory damages, and the costs of this action, together with attorneys' fees.

WHEREFORE, SANCHEZ prays for a judgment in his favor:

A.	Awarding SANCHEZ actual, compensatory, statutory, special, general and punitive damages against KAHANA RIDGE and ATTORNEYS as appropriate;

B.	Awarding SANCHEZ rescission, restitution and/or disgorgement of the Apartment and the revenue and/or economic benefits that KAHANA RIDGE unlawfully and/or wrongfully acquired;

C.	Awarding SANCHEZ pre- and post-judgment interest;

D.	Awarding SANCHEZ attorneys' fees and costs of suit; and

E.	Awarding SANCHEZ such other and further relief as this Court may deem just and proper.

DATED: Honolulu, Hawai`i, July 5, 2019.

	/s/ Timothy E. Ho
	STEVEN K. S. CHUNG
	TIMOTHY E. HO
	MICHAEL L. IOSUA
	Attorneys for Plaintiff
	GILBERTO M. SANCHEZ

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAI`I

| | |
|---|---|
| GILBERTO M. SANCHEZ,<br><br>Plaintiff,<br><br>vs.<br><br>ASSOCIATION OF APARTMENT OWNERS OF THE VILLAS AT KAHANA RIDGE, et al.<br><br>Defendants. | CIVIL NO.<br>(Wrongful Foreclosure)<br><br>**DEMAND FOR JURY TRIAL** |

## **DEMAND FOR JURY TRIAL**

Comes Now Plaintiff GILBERTO M. SANCHEZ, by and through his undersigned counsel, and requests a trial by jury on all issues triable of right by jury in this action.  This demand is made pursuant to Rule 38 of the *Federal Rules of Civil Procedure*.

DATED: Honolulu, Hawai`i, July 5, 2019.

                                 /s/ Timothy E. Ho
                                 STEVEN K. S. CHUNG
                                 TIMOTHY E. HO
                                 MICHAEL L. IOSUA
                                 Attorneys for Plaintiff
                                 GILBERTO M. SANCHEZ

4825-4438-0567 v. 2