CHONG, NISHIMOTO, SIA,
   NAKAMURA & GOYA
A Limited Liability Law Partnership

ANN H. ARATANI     2766-0
Pauahi Tower, Suite 2500
1003 Bishop Street
Honolulu, Hawai'i   96813
Telephone No.:  (808) 537-6119
Facsimile No.:   (808) 526-3491
ann.aratani@hawadvocate.com

Attorney for Defendant
ASSOCIATION OF APARTMENT
OWNERS OF THE VILLAS AT
KAHANA RIDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| GILBERTO M. SANCHEZ,<br><br>                Plaintiff,<br><br>vs.<br><br>ASSOCIATION OF APARTMENT OWNERS OF THE VILLAS AT KAHANA RIDGE, by and through Its Board of Directors, KAPONO F.H. KIAKONA, and PORTER MCGUIRE KIAKONA & CHOW, LLP,<br><br>                Defendants. | CIVIL NO. 19-00359-DKW-KJM<br>(Wrongful Foreclosure)<br><br>DEFENDANT ASSOCIATION OF APARTMENT OWNERS OF THE VILLAS AT KAHANA RIDGE'S ANSWER TO COMPLAINT FILED JULY 5, 2019;  DEMAND FOR JURY TRIAL; CERTIFICATE OF SERVICE<br><br><br>Trial Date:   July 12, 2021<br>Trial Judge:  Hon. Derrick K. Watson<br>Magistrate Judge:  Hon. Kenneth J.<br>                         Mansfield |

[2019382#991096]

DEFENDANT ASSOCIATION OF APARTMENT
OWNERS OF THE VILLAS AT KAHANA RIDGE'S
<u>ANSWER TO COMPLAINT FILED JULY 5, 2019</u>

Comes now Defendant ASSOCIATION OF APARTMENT OWNERS OF THE VILLAS AT KAHANA RIDGE ("Association "), by and through its attorneys, Chong, Nishimoto, Sia, Nakamura & Goya, LLLP, and for Answer to the Complaint for Wrongful Foreclosure filed in the above-captioned matter on July 5, 2019 ("Complaint"), alleges and avers as follows:

<u>FIRST DEFENSE</u>

1. The Complaint fails to state a claim against Defendant Association upon which the relief sought can be granted.

<u>SECOND DEFENSE</u>

2. In response to Paragraph 1, Defendant Association admits Plaintiff filed an action against the homeowner association and its general counsel, deny there was a wrongful foreclosure and violation of the Fair Debt Collections Practices Act, and deny the remaining allegations contained therein.

3. Defendant Association denies the allegations contained in Paragraphs 2, 17, 18 and 21.

4. In response to Paragraphs 3 and 4, Defendant Association admit the involved real property is located in the District of Hawai`i, admit the nonjudicial foreclosure took place in the District of Hawai`i, admit Defendant Association

includes members who are citizens of Hawai`i, admit Defendant Kapono F.H. Kiakona ("Kiakona") is a citizen of Hawai`i, admit Defendant Porter McGuire Kiakona & Chow LLP ("PMKC") includes citizens of the Hawai`i, and submit the remaining statements are legal conclusions by Plaintiff's counsel and not allegations which require responses, and accordingly, if responses are required, are denied.

5. In response to Paragraph 5, Defendant Association admits that Plaintiff Gilberto M. Sanchez previously owned Apartment No. 834 of The Villas of Kahana Ridge condominium project, 45 Stephen Lane, Lahaina, Hawai`i, which was purchased on or around July 15, 2005, and is without knowledge or information sufficient to form a belief as to the truth or veracity of the remaining allegations contained therein.

6. In response to Paragraph 6, Defendant Association admits it is a homeowner's association existing under the provisions of Chapters 514A and 514B of the *Hawai`i Revised Statutes*, as amended.

7. In response to Paragraph 7, Defendant Association admits Defendant Kiakona is a licensed Hawai`i attorney, admits Defendant PMKC is a law firm, admits Defendants Kiakona and PMKC were retained by Defendant Association regarding certain collection and foreclosure matters, and submits the remaining statements are legal conclusions by Plaintiff's counsel and not allegations which require responses, but should responses be required, they are denied.

8. In response to Paragraphs 8, 9, 10, and 11, Defendant Association submits the statements are legal conclusions by Plaintiff's counsel and not allegations which require responses, but should responses be required, they are denied.

9. In response to Paragraphs 12, 13 and 14, Defendant Association admits that Plaintiff was delinquent in his common area assessments, admits it retained Defendant PMKC to collect Plaintiff's unpaid common area assessments, admits it retained Defendant PMKC to foreclose on Plaintiff's Apartment due to Plaintiff's nonpayment of delinquent common area assessments, admit PMKC conducted a public nonjudicial foreclosure sale of Plaintiff's Apartment on March 16, 2012, admits the documents referred to therein speak for themselves, and submits the remaining statements are legal conclusions by Plaintiff's counsel and not allegations which require responses, but should responses be required, they are denied.

10. In response to Paragraphs 15, 16, 19 and 22, Defendant Association submits the statements are legal conclusions by Plaintiff's counsel and not allegations which require responses, but should responses be required, they are denied.

11. In response to Paragraph 20, Defendant Association submits the statements regarding Plaintiff's knowledge and belief are not allegations which require responses, but should responses be required, they are denied.

SECOND DEFENSE RE: COUNT I
(Conversion and/or Wrongful Foreclosure)

12. In response to Paragraph 23, Defendant Association hereby repeats and reasserts all of its responses to Paragraphs 1 through 22, as though fully stated herein.

13. Defendant Association denies the allegations contained in Paragraphs 24 and 26.

14. In response to Paragraph 25, Defendant Association submits the statements regarding Plaintiff's knowledge and belief are not allegations which require responses, but should responses be required, they are denied.

15. In response to Paragraph 27, Defendant Association submits the statements are Plaintiff's request for recovery and Plaintiff's counsel's legal conclusions and not allegations which require responses, but should responses be required, they are denied.

SECOND DEFENSE RE: COUNT II
(Violation of the Fair Debt Collection Practices Act by ATTORNEYS)

16. In response to paragraph 28, Defendant Association hereby repeats and reasserts all of its responses to Paragraphs 1 through 27, as though fully stated herein.

17. In response to Paragraph 29, Defendant Association submits the statements are Plaintiff's request for recovery and Plaintiff's counsel's legal conclusions and not allegations which require responses, but should responses be required, they are denied.

18. In response to Paragraph 30, Defendant Association admits it retained PMKC to collect Plaintiff's unpaid common area assessments, and deny the remaining allegations contained therein.

19. In response to Paragraph 31, Defendant Associations submits the statements are Plaintiff's counsel's legal conclusions and not allegations which require responses, but should responses be required, they are denied.

20. In response to Paragraph 32, Defendant Association submits the statements are Plaintiff's request for recovery and Plaintiff's counsel's legal conclusions and not allegations which require responses, but should responses be required, they are denied.

SECOND DEFENSE RE: ALL COUNTS

21. Defendant Association denies each and every allegation in the Complaint which is not specifically admitted and/or controverted.

THIRD DEFENSE

22. Defendant Association asserts the defense of the applicable statute of limitations.

FOURTH DEFENSE

23. Defendant Association asserts the defense of lack of jurisdiction.

FIFTH DEFENSE

24. Defendant Association asserts the defense of lack of standing to assert all of the claims asserted.

SIXTH DEFENSE

25. Defendant Association asserts the defense that Plaintiff's unclean hands bar his recovery of damages.

SEVENTH DEFENSE

26. Defendant Association asserts the defense that Plaintiff's violation of the governing Association documents and applicable Hawai`i statutes proximately caused Plaintiff's damages and losses alleged in the Complaint.

EIGHTH DEFENSE

27. Defendant Association asserts the defense that its conduct, actions, and/or omissions was not a proximate cause of or a substantial factor in causing Plaintiff's damages and losses alleged in the Complaint.

NINTH DEFENSE

28. Defendant Association asserts the defense that Plaintiff's claims, in whole or in part, are barred by the equitable doctrines of waiver, laches, and/or estoppel.

TENTH DEFENSE

29. Defendant Association asserts the defense that Plaintiff's own negligence or wrongful conduct caused or resulted in the damages alleged by Plaintiff.

ELEVENTH DEFENSE

30. Defendant Association asserts the defense of failure to mitigate damages.

TWELFTH DEFENSE

31. Defendant Association asserts the defenses of knowledge and acquiescence and/or consent.

THIRTEENTH DEFENSE

32. Defendant Association asserts the defenses of the business judgment rule and/or reliance upon advice of counsel.

FOURTEENTH DEFENSE

33. Defendant Association asserts the defense of failure to name indispensable parties.

FIFTEENTH DEFENSE

34. Defendant Association asserts the defense of contributory and/or comparative negligence.

SIXTEENTH DEFENSE

35. Defendant Association asserts that defense of superseding and intervening acts or omissions by other entities, which were based upon Plaintiff's acts or omissions.

SEVENTEENTH DEFENSE

36. Defendant Association asserts the defense that Plaintiff's claim for punitive damages violates Article 1 of the Constitution of the State of Hawai`i, and the Fifth, Eight and Fourteenth Amendments to the Constitution of the United States of America, which bar excessive fines and provide for due process of law.

EIGHTEENTH DEFENSE

37. Defendant Association intends to raise any and all affirmative defenses as provided under Rule 8(c) of the *Federal Rules of Civil Procedure* as they may be uncovered during further discovery of the claims alleged in this litigation.

WHEREFORE, Defendant Association prays as follows:

A. The Complaint against Defendant Association be dismissed with prejudice;

B. That if it be determined that Plaintiff and Defendants were negligent, then the comparative degree of fault of each such party be determined in accordance with Section 663-31 of the *Hawaii Revised Statutes*, and judgment be rendered accordingly.

C. Defendant Association be awarded its reasonable attorneys' fees, mediation fees, experts' fees, and costs.

D. This Court award further legal and/or equitable relief that it deems just and proper under the circumstances.

DATED: Honolulu, Hawai`i, February 5, 2021.

/s/ Ann H. Aratani
ANN H. ARATANI
Attorney for Defendant
ASSOCIATION OF APARTMENT
OWNERS OF THE VILLAS AT
KAHANA RIDGE